**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| SPRINT SOLUTIONS, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNWIRED SOLUTIONS, INC. d/b/a LINQ ) <br> SERVICES, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No: 1:15-cv-02964-GLR |

**JOINT STATUS REPORT**

Plaintiffs believe this matter should be stayed. This case involves several parties who are also parties to the matter styled *Sprint Nextel Corporation, et al., v. Wireless Buybacks, Inc., et al., Case No. 1:13-cv-00617* which is currently set for trial in April. In addition to an overlap of parties, many (if not all) of the phones at issue in this matter are also at issue in the Wireless Buybacks matter. Because of the significant overlap of parties, issues and damages, Sprint believes the best use of judicial resources is to stay this matter as the resolution of the Wireless Buybacks case will likely drive resolution in this matter as well. If the Court declines to stay the case, Sprint intends to file a Motion for Summary Judgment which will be largely based on Judge Blake's decision in the Wireless Buyback's matter [Dkt. No. 366] due the substantial overlap in facts, parties and theories of liability. In order to file the Motion, Sprint wishes to depose a corporate designee of Linq.

Defendant Unwired Solutions ("LINQ") is in the process of drafting its Motion for Summary Judgment and believes that the Parties should file dispositive motions by February 28, 2018. There is no basis for a stay in this case, as LINQ has never been involved in the unrelated

61573965.1

*Simple Cell* litigation, and its resolution will not read on the outcome here. The fact that two individuals are named in both cases is irrelevant, as they are named in the respective cases based on their distinct capacities with the two different corporate entities. Further, LINQ's counterclaim differs entirely in both scope and substance from the claims and counterclaims at issue in *Simple Cell*, and Judge Blake's decision did not address the primary argument of LINQ's forthcoming Motion for Summary Judgment. Moreover, LINQ is in no way bound by the strategic decisions made by different counsel in an unrelated case. Finally, it was Sprint who elected to initiate this separate action against LINQ, three years after filing the *Simple Cell* litigation. Sprint did so with full knowledge of any purported "overlap," and they cannot now claim that an action they chose to file should be halted based on knowledge that they had for years before filing. Finally, discovery has since long closed, and there is no 'good cause' to re-open that aspect of the litigation. Accordingly, Defendants respectfully request that the Court set a deadline for dispositive motions on February 28, 2018.

January 11, 2018

/s/
Noam B. Fischman MD Bar No. 16311

1401 I ("Eye") Street, NW, Suite 800
Washington, DC  20005
Telephone: 202-783-3300
Facsimile: 202-783-3535
nfischman@polsinelli.com

Jay E. Heidrick  (Admitted Pro Hac Vice)
Kansas No. 20770
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, MO  64112
(816) 753-1000
jheidrick@polsinelli.com
*Attorneys for Plaintiffs*

/s/
Charles R. Price (Admitted PHV)

Bar No. 804535
Tandem Legal Group LLC
829 7th Street NW
Washington, DC  20001
(202) 969-0100
Charles.price@tndm.com

*Attorneys for Defendants*